UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL LAMB and KELLY LAMB (husband and wife),<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant*. | Civil Action No. 13-6526 (PGS) (DEA)<br><br><u>MEMORANDUM</u> |

<u>SHERIDAN, U.S.D.J.</u>

This matter comes before the Court on Defendant United States of America's[1] ("United States" or "Defendant") Motion to Dismiss Plaintiffs Michael Lamb and Kelly Lamb's (collectively, "Plaintiffs" or "Lambs") Complaint for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) (ECF No. 3) and Plaintiffs' Cross-Motion to Transfer this action to the United States Tax Court pursuant to 28 U.S.C. § 1631 (ECF No. 4). Plaintiffs allegedly seek the recovery of income taxes, penalties and interest for the 2010 tax year pursuant to 26 U.S.C. § 7422. The Court decides this matter without oral argument pursuant to FED. R. CIV. P. 78(b). For the reasons set forth herein, Defendant's Motion to Dismiss is granted and Plaintiffs' Cross-Motion to Transfer this action to the United States Tax Court is denied.

I. BACKGROUND

Plaintiffs Michael and Kelly Lamb, husband and wife, are residents of West Long Branch, New Jersey. (Compl. at ¶ 4). Mrs. Lamb is a United States citizen while Mr. Lamb is a citizen of the

---

[1] Pursuant to 26 U.S.C § 7422(f)(1), a suit seeking a tax refund "may be maintained only against the United States and not against any officer or employee of the United States . . . or his personal representative." Accordingly, the United States is properly substituted as a party for the Director of the Internal Revenue Service in this action. *See* 26 U.S.C. § 7422(f)(2).

United Kingdom who "has a valid United States Green Card." (*Id*.). Plaintiffs filed a joint tax return for the tax year 2010 which included an IRS Schedule C (Form 1040) to report income and expenses generated from a painting and wallpapering business owned and operated by Mr. Lamb. (*Id*. at ¶¶ 6-8). According to Plaintiffs, they "filed their income tax return and paid all taxes[]" for the tax year 2010. (*Id*. at ¶ 9).

Plaintiffs subsequently "received notice that they were having their income tax returns audited for the year 2010, specifically the Schedule C which was filed." (*Id*. at ¶ 10). At the audit, which was conducted at the IRS Regional Office in Freehold, New Jersey, Plaintiffs provided documentation which, they contend, supported the deductions claimed in the Schedule C. (*Id*. at ¶ 12). According to Plaintiffs, after the IRS auditor reviewed their files and "refused to accept the third party documentation of the business expenses listed on Schedule C[,]" the auditor "issued deficiencies for the deductions[,]" including penalties and interest. (*Id*. at ¶¶ 13-15). Plaintiffs subsequently filed an appeal of the IRS auditor's determination, which remained pending at the time Plaintiffs initiated this action. (*Id*.) Notwithstanding the pending appeal, Plaintiffs allege that the Internal Revenue Service ("IRS") has issued an intent to collect notice to [them]." (*Id*. at ¶ 16).

On October 29, 2013, Plaintiffs filed a six-count Complaint in the United States District Court for the District of New Jersey. In Count One, entitled "Vacate the Audit Adjustments", Plaintiffs allege that "[t]he IRS [a]uditor failed to follow procedures and guidelines when conducting the audit of [their] taxes." (*Id*. at ¶ 30). Specifically, Plaintiffs allege that the auditor "failed to define the items on the tax return which were subject to audit[]" and "negligently, intentionally or with such disregard [for] the truth, denied valid deductions on [their] tax returns." (*Id*. at ¶31). In Count Two, entitled "Vacate the improper assessment of [Interest]", Plaintiffs allege that "[t]he Audit Adjustments were improperly assessed . . . and based upon such improper and invalid adjustments, interest was accrued against [them]." (*Id*. at ¶ 34). In Count Three, entitled "Vacate the Improper Assessment of [Penalties]", Plaintiffs allege that "[t]he Audit Adjustments were improperly assessed

. . . and based upon such improper and invalid adjustments, penalties were assessed against [them]." (*Id*. at ¶ 37). In Count Four, entitled "Return the Amounts Improperly Seized by the IRS as Taxes, Interest and Penalties", Plaintiffs allege that "[t]he IRS has pursued collection against [them] without finalizing and resolving the audit and appeals . . . [and, therefore,] [a]ll amounts collected by seizure, offset, collection or other means have been improperly seized." (*Id*. at ¶¶ 40-41). In Count Five, entitled "Assess Interest Against the IRS for Amounts Held By Them", Plaintiffs allege that they are "entitled to the collection of interest on all amounts seized or improperly held by the IRS." (*Id*. at ¶ 44). Finally, in Count Six, Plaintiffs allege that they "have been denied their due process rights to have a fully adjudicated impartial hearing [with] appellate review[]" and that Defendant's actions violate both the Fourteenth Amendment to the United States Constitution and Article 8, Section 1 of the New Jersey Constitution of 1947. (*Id*. at ¶¶ 45-53). Accordingly, Plaintiffs seek an Order from this Court vacating both "the improper changes to their 2010 1040 tax return[]" and the IRS's assessment of interest and penalties. Defendant filed the instant Motion to Dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) on January 22, 2014. On February 14, 2014, Plaintiffs filed the instant Cross-Motion to Transfer this action to the United State Tax Court pursuant to 28 U.S.C. § 1631.

**II.   DISCUSSION**

  **A.   FED. R. CIV. P. 12(b)(1) Standard of Review**

FED. R. CIV. P. 12(b)(1) permits a party to move for dismissal of a complaint based on "lack of subject-matter jurisdiction[.]" The court, when faced with a Rule 12(b)(1) motion to dismiss, must "start by determining whether [it is] dealing with a facial or factual attack to jurisdiction. If [it] is a facial attack, the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007); *see also Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (in reviewing a facial challenge, the court looks "only [to] whether the allegations on the face of the complaint,

taken as true, allege facts sufficient to invoke the jurisdiction of the district court[.]"). "If [it] is a factual attack, however, it is permissible for a court to review evidence outside the pleadings." *Atkinson*, 473 F.3d at 514 (citing *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). Moreover, the trial court is free to weigh and evaluate the evidence in determining whether its jurisdiction has been demonstrated. *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 191 n.4 (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). A jurisdictional challenge is a factual challenge if "it concerns not an alleged pleading deficiency, but rather the actual failure of [plaintiff's] claims to comport with the jurisdictional prerequisites." *Atkinson*, 473 F.3d at 514. Under a factual attack, the plaintiff bears the burden of proving that jurisdiction exists. *Mortensen*, 549 F.2d at 891; *Symczyk*, 656 F.3d at 191 n.4 ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.") (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

    **B.  Defendant's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1)**

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983). "'[W]aivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed,' and any such waiver must be construed strictly in favor of the sovereign." *United States v. Bein,* 214 F.3d 408, 412 (3d Cir. 2000) (quoting *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33, 112 S. Ct. 1011, 117 L. Ed. 2d 181 (1992)). Congress abrogated the United States' sovereign immunity in tax cases when it enacted 28 U.S.C. § 1346(a)(1), which provides:

> (a) The district courts shall have original jurisdiction . . . of: (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

"Despite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dalm*, 494 U.S. 569, 601, 110 S. Ct. 1361, 108 L. Ed. 2d 548 (1990). Specifically, the jurisdiction conferred under 28 U.S.C. § 1346(a)(1) is subject to the requirements set forth in 26 U.S.C. § 7422(a), which provides, in relevant part, that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . *until a claim for refund or credit has been duly filed with the Secretary*[.]" 26 U.S.C. § 7422(a) (emphasis added). In other words, a taxpayer may not file a suit in district court until he or she has paid the entire assessment, including interests and penalties, and timely filed a claim for refund with the IRS. *See Dalm*, 494 U.S. at 601-02; *Flora v. United States*, 357 U.S. 63, 68, 2 L. Ed. 2d 1165, 78 S. Ct. 1079 (1958), *aff'd on reh'g*, 362 U.S. 145, 80 S. Ct. 630, 4 L. Ed. 2d 623 (1960). Here, Plaintiffs seek the "recovery of an improper assessment of taxes as a result of an audit plus interest and penalties, issued pursuant to 26 U.S.C. § 6682." (Compl. at ¶ 1). While § 7422 authorizes such a suit, Plaintiffs fail to allege that they have filed a proper claim for refund with the IRS prior to initiating this action. Accordingly, their Complaint fails to plead sufficient facts to invoke this Court's subject matter jurisdiction.

Even if this Court were to assume that Plaintiffs' alleged "timely [a]ppeal [of] the [IRS's] [a]udit determination[]" constituted a proper claim for refund within the meaning of § 7422, the Plaintiffs' Complaint still fails to allege sufficient facts to demonstrate this Court's subject matter jurisdiction. After filing a claim for refund with the IRS, a taxpayer is required to wait six months prior to initiating a suit for refund, unless the IRS renders a decision on the taxpayer's claim before the expiration of that six-month period. *See* 26 U.S.C. § 6532(a)(1) ("No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time[.]"). The purpose of the six-month waiting

period is to provide the IRS with a reasonable period of time in which to process and render a decision on a claim before the Department of Justice has to defend a lawsuit based on that claim. Here, Plaintiffs fail to allege when their appeal was perfected making it impossible for the Court to determine whether six months had expired prior to this suit being filed. Accordingly, even if Plaintiffs have alleged that they filed a proper claim for refund, their Complaint fails to plead sufficient facts to invoke the Court's subject matter jurisdiction.

Moreover, while Plaintiffs contend that this is an action for a refund of federal taxes pursuant to § 7422, a fair reading of the Complaint suggests otherwise. Generally, when the IRS determines after an audit that a taxpayer owes additional tax, the IRS District Director issues a "thirty-day letter" informing the taxpayer of the IRS examiner's determinations and advising the taxpayer of his right to an appeals conference. *See* 26 C.F.R. § 601.105(d)(1). If the taxpayer requests an appeal, the matter will be heard by the IRS Appeals Office. *See* 26 C.F.R. § 601.106. If the Appeals Office concludes that the taxpayer owes additional tax, but the taxpayer disagrees, the Appeals Office will then issue a "notice of deficiency." 26 C.F.R. § 601.106(d)(2)(ii). The taxpayer then has ninety days to "file a petition with the Tax Court for a redetermination of the deficiency." 26 U.S.C. § 6213(a). The IRS normally cannot assess or collect the additional tax during this period. *Id*. In addition, if the taxpayer files a petition with the Tax Court, the IRS cannot assess or collect the additional tax "until the decision of the Tax Court has become final." *Id*.

Here, Plaintiffs allege that the IRS audited their tax return for 2010 and "issued deficiencies for the deductions improperly denied." (Compl. at ¶ 14). As Defendant points out in its Opposition, "[t]his allegation likely refers to the thirty-day letter the [IRS] ordinarily issues under 26 C.F.R. § 601.105(d)(1)." (Def.'s Br. at 3). Plaintiffs further allege that they "have timely Appealed the Audit determination, such appeal not being final." (Compl. at ¶ 15). It appears, then, that Plaintiffs requested an appeals conference with the IRS Appeals Office which has not yet made a determination. Accordingly, as Defendant suggests, "it further appears that the [IRS] has not yet

assessed any tax beyond what [Plaintiffs] reported on their 2010 tax return, and that [Plaintiffs, therefore,] have not yet paid any tax beyond what they reported on their return." (Def.'s Br. at 4).

The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides: "Except as provided . . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." The Anti-Injunction Act protects the United States' need to collect taxes expeditiously, and limits disputes to suits for refunds. "Because of the Anti-Injunction Act, taxes can ordinarily be challenged only after they are paid, by suing for a refund." *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2582, 183 L. Ed. 2d 450 (2012) (citing *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7-8, 82 S. Ct. 1125, 8 L. Ed. 2d 292 (1962) ("The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund.")).

Here, a fair reading of the Complaint indicates that the IRS has not assessed and Plaintiffs have not yet paid the additional tax liability which forms the basis of Plaintiffs' Complaint. As such, the Court finds that the instant suit was brought in violation of the Anti-Injunction Act. The Third Circuit has clearly established that a district court lacks subject matter jurisdiction to hear a case brought in violation of the Anti-Injunction Act. *See Zarra v. United States*, 254 F. App'x 931, 934 (3d Cir. 2007). Accordingly, this Court lacks subject matter jurisdiction to hear this action and Defendant's Motion to Dismiss Plaintiffs' Complaint pursuant to FED. R. CIV. P. 12(b)(1) is properly granted.

**C. Plaintiffs' Cross-Motion to Transfer to the United States Tax Court Pursuant to 28 U.S.C. § 1631**

In their Cross-Motion, Plaintiffs request that "[i]f it is found that this matter should have been filed in the [United States] Tax Court, . . . this Court issue an Order transferring this matter to th[at] . . . Court pursuant to 28 U.S.C. § 1631." (Pls.' Letter Br. in Supp. of Cross-Mot. to Transfer ("Pls.'

Cross-Mot.") at 2). Defendant argues in opposition that the "statute does not authorize the transfer of an action to the Tax Court." (Def.'s Br. in Opp'n to Cross-Mot. at 1).

Pursuant to 28 U.S.C. § 1631, when a court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed[.]" Although a federal "court" – as defined by 28 U.S.C. § 610 – may transfer a case even if it lacks jurisdiction, the United States Tax Court is not a "court" under § 610 and, therefore, a federal court cannot transfer a case to the Tax Court pursuant to § 1631. *See Mobley v. Comm'r of Internal Revenue*, 532 F.3d 491, 495 (6th Cir. 2008) ("To our knowledge . . . every other court to address the issue has agreed that the Tax Court is not a court as defined in section 610.") (internal quotation marks omitted); *see also Skillo v. United States*, 68 Fed. Cl. 734, 747 (2005) ("[T]he court finds that it is without authority under the federal transfer statute, 28 U.S.C. § 1631, to transfer plaintiffs' claims to the United States Tax Court because it is not specifically enumerated as a 'court' under 28 U.S.C. § 610.") Accordingly, Plaintiffs' Cross-Motion to Transfer this Action to the United States Tax Court pursuant to 28 U.S.C. § 1631 is denied.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) is granted and Plaintiffs' Cross-Motion to Transfer this action to the United States Tax Court pursuant to 28 U.S.C. § 1631 is denied. An appropriate Order follows.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

July 17, 2014